THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, GUILLERMO A. GIL, JUDGE, Respondent; LOUIS GREENWALD, Intervener.

No. O-68-331.    Decided December 30, 1969.

*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Lydia Nieves Franqui, Assistant Solicitor General,* for petitioner. *César Andreu Ribas* and *César Andreu Meguinoff* for intervener.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

A Special Prosecuting Attorney of Puerto Rico filed a motion before the San Juan Part of the Superior Court, requesting the court to enter an order, pursuant to the provisions of Act No. 60 of 1934, directing Louis Greenwald to show cause why his transfer to New York State should not be ordered and that if it is determined that the witness is material and necessary for the investigation which is being carried out in New York State, Nassau County, before the Grand Jury, to command his transfer to the New York jurisdiction, warning him that if he fails to do so he shall be punished in the same manner as any other witness who disobeys a summons issued by a Superior Court.

Attached to the motion there was a certificate issued by a judge of the Court of Nassau County, New York State, setting forth the fact that the Grand Jury of Nassau County was conducting an investigation of violations to the Penal Code of New York State, consisting of several felonies and misdemeanors, and that as a consequence of said investigation informations had already been filed against certain persons and other unknown persons; that Louis Greenwald, resident of Puerto Rico, was a material and necessary witness for the investigation carried out by the Grand Jury. That certificate contains also other details which are not necessary to recite. That certificate ends up with the recommendation that Greenwald be placed under custody and delivered to two detectives of Nassau County to guarantee his appearance as a witness before the Grand Jury of Nassau County on a certain date.

Attached to the motion there were also two sworn statements, one given by the prosecuting attorney of Nassau County and the other by the assistant prosecuting attorney of said County, and those were the sworn statements which were used as a basis for the order of the judge of the court of the above-mentioned County.

In view of these documents and others which we need not describe, the Superior Court, San Juan Part, issued the requested order to show cause and set a date for Greenwald's appearance. He appeared by brief opposing the order of his transfer to Nassau County, New York State. Among other grounds for opposition he pointed out (a) that our Uniform Act to secure attendance of witnesses within or without Puerto Rico in criminal cases (34 L.P.R.A. § 1471) does not cover those witnesses summoned to testify in an investigation performed by the Grand Jury of New York State, there being no reciprocity, regarding this aspect, between Puerto Rico and New York State, (b) that he is not a material and necessary witness for the investigation performed by the Grand Jury of Nassau County, New York State, for he has no personal knowledge of the facts investigated, nor of the facts related in the informations filed against several persons, (c) that he fears for his personal safety and that of his family if he is compelled to transfer to New York State.

During the hearing held the prosecuting attorney presented documentary and oral evidence. While William Cahn, District Attorney of Nassau County, New York, testified, the prosecuting attorneys requested the Court to decide at that moment whether our law did not authorize the summoning of witnesses to testify in investigations of offenses conducted by the Grand Jury of New York State, as alleged by Louis Greenwald. The Court settled the question in favor of Greenwald, and after they were denied a reconsideration the prosecuting attorneys rested their case.

The Puerto Rican act entitled "Uniform Act to Secure the Attendance of Witnesses Within or from Without the Commonwealth [of Puerto Rico] in Criminal Cases" was approved on May 13, 1934. (34 L.P.R.A. §§ 1471 to 1475.) This act comes from the "Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases" adopted in 1931 by the National Conference of Commissioners on Uniform State Laws.

In 1936, the National Conference adopted a revision of said act with the introduction of certain changes. Among the most significant of these changes are the provisions to secure the attendance of witnesses in connection with Grand Jury proceedings as well as in criminal cases and provisions for arrest of the witness and delivery to the demanding state.

New York, which had adopted the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases of 1931, amended its act in conformance with the new provisions adopted by the National Conference in 1936. Puerto Rico did not amend its 1934 act until 1957 when Act No. 57 of June 14 of that year was approved to include prisoners under its provisions. Later on we will refer to this amendment.

Our Uniform Act of 1934,[1] as it is in force today, provides:

"§ 1471. Uniform Act to secure attendance of witnesses within or without Puerto Rico in criminal cases—Summoning witnesses in Puerto Rico to testify in another territory or state

"If a judge of a court of record in any state which by its laws has made provision for commanding persons within that state to attend and testify in criminal prosecutions in Puerto Rico, certifies under the seal of such court that there is a criminal prosecution for a felony pending in such court, that a

---

[1] 34 L.P.R.A. § 1471.

person being within this Commonwealth is a material witness in such prosecution, and that his presence will be required for a specified number of days, upon receipt of such certificate, the judge of the part of the Superior Court in which such person is, shall fix a time and place for a hearing and shall notify the witness of such time and place.

"If, at the hearing, the judge determines that the witness is material and necessary, that it will not cause undue hardship to the said witness to be compelled to attend and testify in the prosecution in the other state or territory, that the witness will not be compelled to travel more than two thousand miles to reach the place of trial by the ordinary routes of travel, and that the laws of the state in which the prosecution is pending and those of any other state through which the witness may be required to pass by the ordinary route of travel will give him protection from arrest and from the service of civil and criminal process, he shall issue a summons, with a copy of the certificate attached, directing the witness to attend and testify in the court where the prosecution is pending, at a time and place specified in the summons.

"If the witness, who is summoned as above provided, after being paid, or tendered payment, by some properly authorized person, the sum of ten cents a mile for each mile traveled by the ordinary routes to and from the court where the prosecution is pending, and five dollars for each day that he is required to travel and attend as a witness, fails without good cause to attend and testify as directed in the summons, he shall be punished in the manner provided for the punishment of any witness who disobeys a summons issued by the Superior Court in Puerto Rico." (34 L.P.R.A., p. 296.)

■ A judge of the Superior Court of Puerto Rico only has the power to order the summoning of a witness resident of Puerto Rico to appear in another state or territory provided that the conditions and requirements of our Uniform Act are fulfilled. The above-copied provision does not authorize the summons of witnesses to testify in the investigations conducted by the Grand Jury of any state or territory. Let us see. The certificate issued by the judge of a court of

record of any state so that a judge of the Superior Court of Puerto Rico shall issue the summons of a witness to appear in said state, must state "that there is a criminal prosecution for a felony pending in such court, that a person being within this Commonwealth is a material witness in such prosecution . . . ." What the judge of the court of Nassau County certifies is that Greenwald is a material and necessary witness in the investigation conducted by the Grand Jury. It is not certified that Greenwald is a necessary witness in a criminal prosecution pending before the Court of Nassau County. Thereinafter the transcribed provision imposes upon the Judge of Puerto Rico the obligation to determine, in the hearing to be held, that the witness is material and necessary and "that it will not cause undue hardships to the said witness *to be compelled to attend and testify in the prosecution* in the other state or territory."

The summons sought in connection with witness Greenwald is not to attend to the trial and testify therein. To clarify, the summons of the witness orders him *"to appear and testify before the court* where the prosecution is pending, at a time and place specified in the summons."

When the aforementioned provision provides on the amount of money to be paid to the witness for each mile traveled in his round trip, it limits same to the "ordinary routes to and from the court where the prosecution is pending . . . ."

▮ Now then, the amendment made to our act by Act No. 57 of June 14, 1957 had the purpose of including prisoners under its provisions. In regard to the prisoners and by virtue of the aforementioned amendment, the power of the judges of our Superior Court was extended to order the summons of prisoners to attend pending causes before a court or before a Grand Jury of other states. The act insofar as pertinent provides:

"§ 1475a. Prisoners as witnesses within or without Puerto Rico in criminal cases—Hearing on certificate from another state or territory

"If a judge of a court of record in a state or territory whose laws authorize the summoning of witnesses confined in penal and correctional institutions within the state to appear before the courts of Puerto Rico, certifies that there is a criminal case pending before such court or before a grand jury, and that an inmate of a penal or correctional institution of Puerto Rico is a material witness in said case whose presence is required during a certain period of time, the superior judge of the court part in whose territory the inmate is shall, upon receipt of such a certificate and after giving notice to the Secretary of Justice, set a date and place for a hearing and order the person in charge of the inmate to have the latter appear at the hearing.—June 14, 1957, No. 57, p. 134, § 1, eff. June 14, 1957." (34 L.P.R.A. Cumulative Pocket Supplement, pp. 81–82.)

Clearly, insofar as the Grand Jury is concerned, this provision covers prisoners only. Therefore it does not include Greenwald.

Although our act provides that its provisions shall be interpreted having in mind its general purpose to make uniform the law of the states which enact and promulgate them, we cannot, by interpretation, include in the act what our Legislature did not include. Our Legislature has not adopted or promulgated a uniform legislation equal to that adopted by New York State, and other states. We deem it advisable to amend our act so as to adopt the one recommended in 1936 by the National Conference of Commissioners on Uniform State Laws. However it is incumbent upon our Legislature and not upon us to take that decision.

For the reasons stated herein, the order entered by the Superior Court, San Juan Part, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.